UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LOTUS MANAGEMENT, LLC,

    Petitioner,

    v.

DOUGLAS H. SHULMAN, et al.,

    Respondents.
_____/

No. C 13-3401 PJH

**ORDER**

Before the court is the motion of attorney Walt Moreno to withdraw as counsel for petitioner Lotus Management, LLC ("Lotus Management") in the above-entitled action, pursuant to California Rule of Professional Conduct 3-700(B)(3). Respondents oppose the motion, noting that under Civil Local Rule 11-3, attorney Aubrey L. Harper Jr. (who is appearing for petitioner pro hac vice) is required to have co-counsel who is a member in good standing of the State Bar and who maintains an office in California. If Mr. Moreno is allowed to withdraw, there will be no local counsel. Having read the parties' papers and carefully considered their arguments, the court DENIES the motion.

In this district, the conduct of counsel, including the withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California. Civ. L.R. 11-4(a)(1); see Nehad v. Mukasey, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). Within these parameters, the decision to permit counsel to withdraw is within the sound discretion of the trial court. See United States v. Carter, 560 F.3d 1107, 1113 (9th Cir.2009); see also

Whiting v. Lacara, 187 F.3d 317 (2d Cir. 1999), cited in Shervin v. City of Newark, 2008 WL 2563175 at *2 (N.D. Cal. June 22, 2008).

California Rule of Professional Conduct 3-700 allows withdrawal in certain specified circumstances. Rule 3-700 provides that "[i]f permission for termination of employment [i.e., representation of a client] is required by the rules of a tribunal, a member shall not withdraw from employment in a proceeding before that tribunal without its permission." Cal. R. Prof'l Conduct R. 3-700(A)(1). Further,

> [a] member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules.

Cal. R. Prof'l Conduct R. 3-700(A)(2).

Subsection (B) of Rule 3-700 provides that "[a] member representing a client before a tribunal shall withdraw from employment with the permission of the tribunal, if required by its rules, and a member representing a client in other matters shall withdraw from employment," if in either case "the member's mental or physical condition renders it unreasonably difficult to carry out the employment effectively." Cal. R. Prof'l Conduct R. 3-700(B)(3).

Thus, under these provisions, (1) an attorney representing a client in a case in this court may not withdraw from representation without leave of court, and if no substitute counsel has yet appeared, the attorney must agree to accept service of papers for forwarding purposes, as required by Civil Local Rule 11-5(a), (b); (2) before withdrawing from representation, the attorney must give notice to the client and give the client time to find other counsel, and must also comply with any other applicable court rules;[1] and (3) an attorney representing a client in this court must withdraw from representation if his/her mental or physical condition makes it "unreasonably difficult" for him/her to continue to represent the client (but must comply with the other requirements stated above).

---

[1] If requested by the client, counsel must also return client papers and property; and must in addition return all unearned fees paid in advance. Cal. R. Prof'l Conduct R. 3-700(D).

2

Mr. Moreno is seeking leave to withdraw pursuant to the mandatory withdrawal provision of Professional Conduct Rule 3-700(B)(3). However, he provides no explanation for his need to withdraw. Thus, it is impossible for the court to determine whether withdrawal is appropriate. There is no absolute right to withdraw from representation at any time, with or without cause. Even when grounds exist – which is far from clear in this case, given Mr. Moreno's lack of justification – attorneys seeking to withdraw must comply with the procedures set forth in Rule 3-700.

Here, apart from the bare citation to a rule, Mr. Moreno has not provided any support for his request. The court is unable to ascertain even whether the purported incapacity is mental or physical, whether it is based on some other factor, or whether the condition merely renders representation "difficult" (but not "unreasonably difficult," which is required under Rule 3-700(B)). Mr. Moreno has also failed to establish that he has taken all necessary steps to avoid reasonably foreseeable prejudice to the rights of his client, as required under other provisions of Rule 3-700.

Mr. Moreno further seeks to be relieved from the requirement of Civil Local Rule 11-5(b). Rule 11-5(b) requires, for a "conditional withdrawal" where no substitute counsel has yet appeared, that the existing counsel agree to accept service of papers and be responsible for forwarding them to the client. Mr. Moreno argues that he should be relieved from this requirement, because "compliance would further deteriorate counsel's condition that requires a mandatory withdrawal under . . . Rule 3-700(B)(3)." However, he again fails to explain what the condition is or how it would "further deteriorate" if he is required to accept service of papers and forward them to the petitioner.

In addition, Mr. Moreno proposes that any papers filed in this case should be served directly on Lotus Management by mail, at the address provided for Ron MacDonald, who claims to be the "owner" of Lotus Management. It is a longstanding rule that "[c]orporations and other unincorporated associations must appear in court through an attorney." D-Beam Ltd. Partnership v. Roller Derby Skates, Inc., 366 F.3d 972, 973-74 (9th Cir. 2004) (citations omitted). This rule applies to limited liability companies and other business

entities. See Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993) ("As the courts have recognized, the rationale for that rule applies equally to all artificial entities."); see also Civ. L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."). Thus, while any individual may appear in pro per, Lotus Management – a limited liability company – may appear in federal court only through a licensed attorney and may not be served through a non-attorney.

Mr. Moreno requests that the court allow petitioner 30 days, or up to October 19, 2013, to locate replacement counsel.[2] More than 30 days have passed since the request to withdraw was originally signed, and no local counsel has made an appearance. Lotus Management is now represented by pro hac vice counsel, Tennessee attorney Aubrey L. Harper, Jr. However, as noted by respondents, Civil Local Rule 11-3 requires that Mr. Harper have local co-counsel who is a member of the bar of this court in good standing and who maintains an office within the State of California. In the absence of local co-counsel, Mr. Harper may not maintain his pro hac vice status in this case.

The court notes that Mr. MacDonald has signed and consented to the motion, on his own behalf and on behalf of Lotus Management. This case was originally filed on July 22, 2013, by Lotus Management, represented by Mr. Moreno. On August 5, 2013, a "Petition for Leave to Join as Co-Petitioner" was filed, seeking to add Mr. MacDonald as a petitioner. The caption on this "Petition" did not bear Mr. Moreno's name, and was signed by "Ronald MacDonald/Lotus Management LLC." Two weeks later, on August 19, 2013, Mr. Moreno filed a "Motion for Partial Substitution of Counsel and for Ronald MacDonald to Represent Himself," in which Mr. Moreno requested leave to withdraw from his representation of Mr. MacDonald, and leave for Mr. MacDonald to "substitute in" to represent himself personally.

On August 23, 2013, the court issued an order advising that Mr. MacDonald was not

---

[2] This October 19, 2013 date appears to be based on date the motion to withdraw was signed – September 18, 2013 – although the motion was not actually filed until October 1, 2013.

4

a party in the case and lacked standing to seek to join the action, and that if Lotus Management wished to amend the petition to add a second petitioner, it must do so in accordance with Federal Rule of Civil Procedure 15(a). On August 26, Lotus Management, represented by Mr. Moreno, filed an "Emergency Petition for Relief in the Nature of a Permanent and Mandatory Injunction, for Declaratory Judgment, for a Writ of Prohibitition, and for a Writ of Mandamus." The "petition" named Mr. MacDonald as petitioner in addition to Lotus Management. The court interprets this as an attempt to file an amended petition. On September 3, 2013, Mr. Moreno filed another "Emergency Petition," which is substantially similar to the August 26, 2013 amended petition.

All cases in this court, with the exception of sealed cases, are designated for participation in the court's Electronic Case Filing ("ECF") system. See Civ. L.R. 5-1(b). Mr. Moreno has been advised numerous times by the court that he is required to register as an e-filer, and is also required to submit certain previously filed documents in electronic format so that they can be e-filed. However, he has consistently failed or refused to comply with these instructions. Accordingly, the August 26, 2013 amended petition (Doc. 15) – which has not been e-filed due to Mr. Moreno's failure to comply with the court's orders – is ordered STRICKEN. To the extent that the September 3, 2013 "petition" (Doc. 18) is intended as a second amended petition, it is also STRICKEN, for failure to comply with Federal Rule of Civil Procedure 15(a).

One final issue is the motion to dismiss the original petition, which was filed by respondents on September 9, 2013. The opposition was originally due on September 23, 2013, but none was filed. On September 26, 2013, Mr. Harper filed the request for leave to appear pro hac vice, which was granted. On October 1, 2013, Mr. Harper filed a request for an "extension of time" to oppose the motion to dismiss, notwithstanding that the due date for filing the opposition had already passed. The court continued the opposition due date to October 15, 2013, and the date for the reply brief to October 22, 2013. As of October 22, 2013, no opposition has been filed.

The court will allow petitioner Lotus Management an additional 14 days to file an

opposition to the motion to dismiss – to November 6, 2013. If no opposition is filed by that date, the court will rule on the respondents' motion without benefit of any argument by petitioner. If petitioner files an opposition by that date, the reply will be due on November 13, 2013.

In addition, the court will allow Lotus Management 30 days from the date of this order to locate local counsel. If local counsel fails to enter an appearance for Lotus Management by November 21, 2013, the court will dismiss the petition pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with court orders.

The date for the initial case management conference, previously set for October 31, 2013, is VACATED.

**IT IS SO ORDERED.**

Dated: October 22, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge