1
2
3
4
5          UNITED STATES DISTRICT COURT
6          NORTHERN DISTRICT OF CALIFORNIA
7
8
9
10   LOTUS MANAGEMENT LLC, et al.,
11          Petitioners,                    No. C 13-03401 PJH
12      v.                                  **ORDER GRANTING MOTION**
                                            **TO DISMISS**
13   DOUGLAS H. SHULMAN, et al.,
14          Respondents.
     _____/
15
16          Before the court is the motion of respondents Douglas H. Shulman, Commissioner of

17   Internal Revenue, and Internal Revenue Service ("IRS") Revenue Officer David Barbearo,

18   along with real party in interest the United States of America, for an order dismissing the

19   above-entitled action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject

20   matter jurisdiction and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

21   claim.  Having read the parties' papers and carefully considered their arguments and the

22   relevant legal authority, the court hereby GRANTS the motion as follows.

23                              **BACKGROUND**

24          In 2005, a judge of this court entered judgment against taxpayer Robert Rowen in

25   the amount of $1,124,800.90, for his 1992 through 1997 federal income tax liabilities.

26   See United States v. Robert Rowen, C-03-3614 JSW.  The judgment was affirmed by the

27   Court of Appeals for the Ninth Circuit on January 27, 2006.  See U.S. v. Rowen, 164 Fed.

28   Appx. 642 (9th Cir. Jan. 27, 2006), cert denied., 549 U.S. 1096 (2006).

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

On July 19, 2013, Soundview Communications, Inc. ("Soundview") filed an action for declaratory relief in the Superior Court of Georgia, County of Gwinnett, naming Lotus Management, LLC ("Lotus"), Dr. Robert Rowen, and the United States as defendants, and seeking to interplead $42,254.66 it admittedly owes to Lotus pursuant to a contract.  In the complaint, Soundview alleged that it had entered into separate contracts with Lotus and Robert Rowen in March 2007, pursuant to which Lotus would provide editorial services and copy for certain of Soundview's publications, and Rowen would provide editorial services and would author some content.  Soundview agreed to pay Lotus according to a specified schedule, and Rowen allegedly agreed that the compensation paid to Lotus would be sufficient consideration for his services as well.  Lotus made the payments until May 2013, but as of July 2013, allegedly owed Rowen some $42,000.

In June 2013, prior to filing the complaint, Soundview received a letter from IRS Revenue Officer Barbearo, which included an attached "Notice of Levy."  According to the complaint, the Notice of Levy also stated that it "'includes Lotus Management, LLC[,] as the nominee, alter ego and/or transferee of Robert J. Rowen,' and [the Notice of Levy] demanded that Plaintiff Soundview remit to the IRS any monies due to Defendant Rowen or Defendant Lotus Management."

The complaint alleges further that Garrett Wood, president of Soundview, forwarded the IRS letter and Notice of Levy to Rowen and also to Ronald MacDonald, who claims to own 99% of Lotus; that Mr. MacDonald responded with an e-mail stating that Lotus was not a nominee, alter ego, or transferee of Rowan; and that on July 15, 2013, Soundview received another communication from the IRS demanding payment of the amounts it owed Rowan or Lotus.  Soundview requested a judicial declaration as to whether the United States or Lotus is owed the money, as well as an order enjoining Lotus from initiating any legal proceedings against Soundview.

On July 22, 2013, Lotus removed the Georgia state court action to this district.  See Lotus Management, LLC, et al. v. Soundview Communications, Inc., et. al., No. C-13-3402 EMC.  Ronald MacDonald joined in the notice of removal even though he was not

United States District Court

For the Northern District of California

1   named as a defendant in the Georgia action.  In addition, while the state court action was

2   filed by Soundview against Lotus, Robert Rowen, and the United States, the removed

3   action was styled as a "Petition" filed by Lotus and Ronald MacDonald against Soundview

4   and its president Garret Wood (also not a party).

5          Also on July 22, 2013, Lotus, represented by attorney Walter Moreno, commenced

6   the present action by filing a "Petition for Relief in the Nature of Declaratory Judgment,

7   Permanent and Mandatory Injunction, Writ of Mandamus, and for a Writ of Prohibition."

8   Named as respondents were IRS Commissioner Shulman and IRS Revenue Officer

9   Barbearo.

10          In the Petition, Lotus alleged that respondents had committed criminal actions

11   against it and non-parties Ronald MacDonald and Soundview by, among other things,

12   seeking to levy on monies owed by Soundview to Lotus, in attempt to collect Rowen's

13   unpaid federal income tax liability for 1992 through 1997.  This the same levy that is at

14   issue in Soundview's declaratory relief action (which Lotus had just attempted to remove to

15   this court).  Lotus asserted that it, along with Ronald MacDonald, were seeking "an

16   immediate and permanent injunction issued against Revenue Officer David Barbearo," and

17   a declaratory judgment with regard to certain documents attached to the complaint in

18   Soundview's action for declaratory judgment.

19          On August 5, 2013, Lotus filed a "Petition for Leave to Join as Co-Petitioner."  The

20   caption on the "Petition" did not bear the name of Walter Moreno, counsel for Lotus, but

21   rather the name of "Lotus Management, LLC c/o Ron MacDonald."  The "Petition," which

22   purported to seek relief on behalf of both Lotus and Mr. MacDonald, stated that Mr.

23   MacDonald is the owner of Lotus and thus "an essential party to these proceedings as Co-

24   Petitioner," and that "[t]he multiple federal felony criminal acts committed by David

25   Barbearo, in the Petition filed in this case, violated the constitutional and statutory rights of

26   Ronald MacDonald, the real party in interest as the owner of Lotus Management."  The

27   "Petition" was signed by "Ronald MadDonald/Lotus Management LLC."  The case was

28   reassigned to the undersigned on August 8, 2013.

United States District Court

For the Northern District of California

1    On August 19, 2013, Lotus and Mr. MacDonald filed a motion entitled "Motion for

2    Partial Substitution of Counsel and for Ronald MacDonald to Represent Himself."  The

3    caption on this motion listed Walter Moreno as attorney for "petitioner" and Ron MacDonald

4    (presumably pro se), and the "petitioners" were listed as Lotus Management LLC and

5    Ronald MacDonald, owner.  In the motion, Mr. Moreno requested leave of court to withdraw

6    from representing Mr. MacDonald (not a party) and leave of court to "substitute in" Mr.

7    MacDonald to represent himself personally.  He claimed that granting the motion for partial

8    substitution would "help avoid any conflict of interest question from arising in this case,

9    because counsel of record would only be representing Lotus Management LLC, and

10   Ronald MacDonald would represent himself."  The motion was signed by both Mr. Moreno

11   and Mr. MacDonald.

12   On August 23, 2013, the court issued an order advising that Mr. MacDonald was not

13   a party in the case and lacked standing to seek to join the action as a "co-petitioner," and

14   that if Lotus wanted to add another plaintiff/petitioner, it must file an amended petition

15   (assuming the requirements of Rule 15(a) were satisfied).  The order also advised that the

16   court could not rule on Mr. MacDonald's August 19, 2013 request for leave to represent

17   himself, since he was not a party.

18   Also on August 23, 2013, the United States removed the Soundview case from the

19   Georgia state court to the Northern District of Georgia, where it was filed as case No. C-13-

20   2827 CAP.

21   On August 26, 2013, Lotus filed a "Emergency Petition for Relief in the Nature of a

22   Permanent and Mandatory Injunction, for Declaratory Judgment, for a Writ of Prohibition,

23   and for a Writ of Mandamus" in the present action.  The petition lists Lotus Management

24   and Ronald MacDonald as petitioners, and is possibly intended to serve as a "first

25   amended petition" in response to the court's August 23, 2013 order.  Because Mr. Moreno,

26   despite having been directed numerous times by the court to register as an e-filer, had not

27   done so, as of that point had not provided the clerk's office with a .pdf copy of his various

28   petitions so they could be e-filed, the August 26, 2013 petition was not e-filed.

4

United States District Court

For the Northern District of California

1    On August 28, 2013, the assigned district judge granted the United States' motion to

2  transfer the Soundview case that had been removed to this district to the Northern District

3  of Georgia, on the basis that under 28 U.S.C. § 1441(a), Lotus "was not entitled to remove

4  the case to this [c]ourt because the case was initiated in a Georgia state court."  The case

5  was filed in the Northern District of Georgia as No. C-13-2898 CAP.

6    On September 3, 2013, Lotus filed another "Emergency Petition" in this case.  This

7  third petition is substantially similar to the August 26, 2013 "Emergency Petition."  It was

8  also not e-filed.

9    On September 4, 2013, the United States filed a motion in the Northern District of

10  Georgia to consolidate the two Soundview cases, on the basis that they were the same

11  case.  The court granted the motion, and then on September 5, 2013, terminated the case

12  that had been transferred from this court on August 28, 2013.

13    On September 9, 2013, the United States filed a motion to dismiss the present

14  action for lack of subject matter jurisdiction and failure to state a claim.  This motion to

15  dismiss was directed at the original petition.  The United States also asserts that because a

16  suit against IRS employees in their official capacity is essentially a suit against the United

17  States, the United States should be substituted in as the proper party defendant in the

18  case.

19    Under the Civil Local Rules of this court, the opposition was originally due on

20  September 23, 2013, and the hearing was set for October 16, 2013.  No opposition was

21  filed by the September 23 due date.

22    On September 26, 2013, Tennessee attorney Aubrey L. Harper, Jr. filed a request

23  for leave to appear pro hac vice on behalf of Lotus, (with Mr. Moreno as local counsel).

24  The request was granted.

25    On September 27, 2013, Lotus filed a motion in this court to set aside the order

26  transferring the Soundview case from this court to the Northern District of Georgia.

27    On October 1, 2013, Mr. Harper, on behalf of Lotus, filed a request for an "extension

28  of time" to file the opposition to the motion to dismiss in this case.  At that point the

**United States District Court**
For the Northern District of California

1  opposition was already eight days late.  Nevertheless, the court issued an order that day
2  continuing the due date for the opposition to October 15, 2013, and the date for the reply to
3  October 22, 2013.  In addition, the court admonished counsel that they are required to
4  comply with the Local Rules.  The hearing date was vacated.

5        Also on October 1, 2013, Mr. Moreno filed a motion to withdraw as counsel in the
6  present action.  On October 22, 2013, the court denied the motion to withdraw, on the basis
7  that allowing Mr. Moreno to withdraw would leave Lotus without any local counsel, in
8  violation of the Local Rules.  The court further instructed that Lotus must obtain local
9  counsel and file a substitution of counsel no later than November 21, 2013, or the case
10 would be dismissed.

11       In addition, the court noted that pursuant to the October 1, 2013 order, the
12 opposition to the motion to dismiss was due on October 15, 2013, but that no opposition
13 had been filed.  The court granted one final extension to file the opposition, to November 6,
14 2013.  The court stated that if no opposition was filed by that date, it would rule on the
15 motion to dismiss without benefit of argument from petitioner.

16       On November 6, 2013, the motion to vacate the order transferring the Soundview
17 case was denied.

18       On November 11, 2013, five days after the due date (and seven weeks after the
19 original due date), Lotus finally filed an opposition to the present motion.  The opposition,
20 which is 32 pages long and thus in violation of Civil Local Rule 7-4(b), is largely
21 incomprehensible.  Lotus appears to be directing a substantial portion of its argument to re-
22 hashing the arguments it made in the motion to set aside the transfer of the Soundview
23 case to the Northern District of Georgia.  Lotus also argues (among other things) that the
24 claim asserted against Barbearo is based on the allegation that he committed "multiple
25 felony criminal acts" against Soundview and Lotus; that Lotus is not the alter ego or
26 nominee of Soundview; and that the IRS' attempt to levy on the monies owed to Lotus by
27 Soundview violates the Fifth Amendment to the United States Constitution, various IRS
28 procedures and policies, and unspecified "felony federal criminal statutes."

**United States District Court**
For the Northern District of California

**DISCUSSION**

As an initial matter, a suit against IRS employees in their official capacity is essentially a suit against the United States of America.  Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985) (citing Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 688 (1949)).  Here, Lotus alleges no facts regarding IRS Commissioner Shulman, and the facts alleged against Revenue Agent Barbearo relate solely to actions that are clearly within an IRS employee's job function.

The IRS asserts that Lotus is the nominee, alter ego, and/or transferee of Robert Rowen, the taxpayer, and that it is seeking to collect taxes owed by Rowen.  When a taxpayer refuses to pay taxes, the IRS is authorized to place a lien in favor of the United States on all property and rights to property belonging to that taxpayer.  See 26 U.S.C. § 6321.  That Lotus considers Barbearo's efforts to effectuate the IRS' levy on the funds owed by Lotus to Soundview to be "criminal" does not mean that Barbearo was acting outside the scope of his employment in pursuing the collection of Rowen's unpaid tax liability.  Accordingly, the court finds that this is a suit against the United States, and that the United States must be substituted as the proper party defendant in this case and that Douglas H. Shulman, Commissioner of Internal Revenue and David Barbearo, Revenue Officer, must be DISMISSED as parties.

The United States is a sovereign entity and, as such, is immune from suit unless it has expressly waived such immunity.  United States v. Dalm, 494 U.S. 596, 608 (1990); see also United States v. Navajo Nation, 556 U.S. 287, 289 (2009) (Federal Government cannot be sued without it s consent).  Such a waiver cannot be implied, but must be unequivocally expressed.  United States v. King, 395 U.S. 1, 4 (1969).

It is the plaintiff's burden to establish the jurisdiction of the court, and thus, a plaintiff suing the United States must show a waiver of sovereign immunity.  See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 188 (1936); Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995).  Here, Lotus has not shown that the United States has waived its sovereign immunity.  When the United States has not

United States District Court
For the Northern District of California

1    consented to suit, the suit must be dismissed for lack of subject matter jurisdiction.

2    Allied/Royal Parking L.P. v. United States, 166 F.3d 1000, 1003 (9th Cir. 1999).

3          Under 28 U.S.C. § 1361, a federal court may "compel an officer or employee of the

4    United States or any agency thereof to perform a duty owed to the plaintiff."  Mandamus is

5    considered a drastic remedy, which is appropriate only in extraordinary circumstances.

6    Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34-35 (1980); Barron v. Reich, 13 F.3d

7    1370, 1374 (9th Cir. 1994).  In the present action, Lotus has included 19 pages in its

8    petition as grounds for mandamus and/or injunctive relief.  The actions at issue in the

9    petition all relate to efforts by the IRS to collect Rowen's unpaid tax liability from funds

10   owed by Soundview to Lotus, Rowen's alleged nominee.

11         The allegations raised by Lotus in this action are insufficient to show a waiver of

12   sovereign immunity by the United States in order to confer jurisdiction on this court to issue

13   a writ of mandamus directing the IRS to cease collection or for an injunction to prevent the

14   collection of taxes by nominee levy.  See Borer v. Secretary of the Treasury, 2013 WL

15   1775535 (W.D. Wash. 2013).

16         The IRS authority to collect taxes by levy is set forth in 26 U.S.C. § 6331, which

17   authorizes the Secretary to collect taxes by levy on "property and rights to property . . .

18   belonging to such person [the taxpayer] . . . ."  When a lien attaches to a taxpayer's

19   property, the property is subject to levy.  26 U.S.C. § 6331(a).

20         Under certain circumstances, such as when a taxpayer attempts to place his assets

21   beyond the reach of the government by placing nominal title in the name of another, the

22   United States may levy on the property held by the third party.  GM Leasing Corp. v. United

23   States, 429 U.S. 338, 350-51 (1977); Fourth Inv. LP v. United States, 720 F.3d 1058, 1066

24   (9th Cir. 2013).[1]  If it is Lotus' claim that the United States has wrongfully levied on its

25   funds, then a wrongful levy action may be available, assuming Lotus can meet the

26

27         [1]  "The federal tax lien statute itself 'creates no property rights but merely attaches
28   consequences, federally defined, to rights created under state law.'"  United States v. Craft,
     535 U.S. 274, 278 (2002) (quoting United States v. Bess, 357 U.S. 51, 55 (1958)).

United States District Court

For the Northern District of California

1   requirements.  See 26 U.S.C. § 7426; see also Arth v. United States, 735 F.2d 1190, 1193

2   (9th Cir. 1984).  However, Lotus has not filed a wrongful levy action here, and has not

3   established that the court has subject matter jurisdiction over the action it has filed.

4          Moreover, even if the court had jurisdiction, Lotus' claims would be barred by the

5   Anti-Injunction Act, 26 U.S.C. § 7421(a) ("Act").  The Act provides that except for certain

6   statutory exceptions, "[N]o suit for the purpose of restraining the assessment or collection

7   of any tax shall be maintained in any court by any person, whether or not such person is

8   the person against whom such tax was assessed."  Id.  The purpose of the Act is to protect

9   the government's need to collect taxes expeditiously without pre-enforcement judicial

10  interference and "to require that the legal right to disputed sums be determined in a suit for

11  refund."  Bob Jones University v. Simon, 416 U.S. 725, 736 (1974).

12         Apart from the statutory exceptions, which are not applicable here to Lotus' claims

13  as pled, injunctive relief may be available only if the taxpayer can show that "(1) under no

14  circumstances can the government ultimately prevail on the merits; and (2) the taxpayer will

15  suffer irreparable injury without injunctive relief."  Hughes v. United States, 953 F.2d 531,

16  535 (9th Cir. 1992) (citing Elias y. Corinett, 908 F. 2d 521, 525 (9th Cir. 1990)).

17         Lotus has not established that there are no circumstances under which the United

18  States will not prevail.  The Georgia interpleader action – to which Lotus, Rowen, and

19  Soundview are all parties – seeks a judicial determination regarding the status of Lotus as

20  the nominee of Robert Rowen, and a declaratory judgment as to the owner of the funds at

21  issue.  Accordingly, these parties have a legal forum in which to assert their ownership

22  claims to the funds.  Robert Rowen has fully litigated his tax liability, which has been

23  reduced to judgment by this court.  Assuming that Lotus holds funds as the nominee of

24  Robert Rowen, the IRS has the authority to levy on property or rights to property belonging

25  to the taxpayer, Robert Rowen.

26                                  **CONCLUSION**

27         In accordance with the foregoing, the court finds that this action must be dismissed

28  for lack of subject matter jurisdiction.  The court also notes that Lotus was given two

extensions of time to oppose the motion, but failed to comply with the court-ordered deadline, and also failed to comply with the court-ordered deadline to file a substitution of counsel.  Thus, dismissal for failure to prosecute and failure to comply with court orders is also warranted under Federal Rule of Civil Procedure 41(b), under the factors set forth in Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).

**IT IS SO ORDERED.**

Dated:  November 22, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge